THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| HIEDEE S. OLIVER, | ) | Case No. 2:07CV00167 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Plaintiff Hiedee S. Oliver filed an application for Social Security benefits alleging a disability beginning on July 1, 2001, due to seizure disorder, migraine headaches, and mild to moderate obstructive sleep apnea controlled with CPAP.  Plaintiff was born on June 25, 1973, and was 28 years of age at the time of her alleged onset of disability.

After a hearing, an administrative law judge ("ALJ") concluded at step three of the five-part sequential evaluation process, *see* 20 C.F.R. § 416.920, *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the Listings of Impairments (the "Listings), 20 C.F.R. pt. 404, subpt. P, app. 1.  At step four, the ALJ found that Plaintiff

retained the residual functional capacity "to perform work activity at all levels with the following limitations.  She can not climb ladders, ropes or scaffolds.  She cannot drive.  She must generally avoid, but is not precluded from, contact with the public."  (Tr. 24).  The ALJ found that Plaintiff's residual functional capacity allowed her to perform her past relevant work as a housekeeper.  And in an alternative finding at step five, the ALJ found that Plaintiff could perform other jobs  available in significant numbers in the national economy.  Plaintiff's request for review was denied by the Appeals Council.  She now seeks judicial review of the decision of the Commissioner of Social Security denying her claim for benefits.

Plaintiff contends that the ALJ erred in that: (1) she failed to properly consider whether Plaintiff's seizure disorder is medically equivalent to Listing 11.02 or 11.03; and (2)  she improperly determined Plaintiff's residual functional capacity.

## II.  STANDARD OF REVIEW

The Court reviews the ALJ's decision only to determine if the factual findings are supported by substantial evidence and if she applied the correct legal standards.  *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence "means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation and citation omitted).  The Court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

## III.  DISCUSSION

### A. Evaluation of Plaintiff's Seizure Disorder and Listings 11.02 and 11.03.

The Court rejects Plaintiff's first claim that the ALJ failed to properly consider whether her seizure disorder meets or medically equals one of the Listings.  Specifically, Plaintiff complains that the ALJ gave no explanation why her combinations of symptoms due to seizures and migraine headaches do not equal the criteria of  listings 11.02 or 11.03.

"For a claimant to show that h[er] impairment matches a listing [at step three], it must meet all of the specified medical criteria."  *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  *See also Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987)(it is claimant's burden to show that her impairment is one that is conclusively presumed to be disabling); *Bernal v. Bowen*, 851 F.2d 297, 300 (10th Cir. 1988)("[f]or a claimant to qualify for benefits by showing that his unlisted impairment, or combination of

3

impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment").

Based on the record before it, the Court agrees with Defendant that Plaintiff failed to establish that her seizures and headaches were "at least equal in severity and duration" to Listings 11.02 or 11.03.[1] Plaintiff did not demonstrate that her seizures and headaches occurred more frequently than once a month, which were at least equal in severity to losing consciousness during the day or having nocturnal episodes which interfered significantly with activity during the day as required by Listing 11.02. (See e.g.,

---

[1]The criteria of these listed impairments are:
   11.02. Epilepsy - convulsive epilepsy,(grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month, in spite of a least 3 months of prescribed treatment. With:
   A. Daytime episodes (loss of consciousness and convulsive seizures) or
   B. Nocturnal episodes manifesting residuals which interfere significantly with activity during the day.
   11.03 Epilepsy - nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern including all associated phenomena, occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. pt 404, Subpt P, App. 1.

Tr. 210, 253, 287, 219, 224, 293, 264). The ALJ specifically found as to listing 11.02 that "[t]he frequency of the claimant's seizures does not meet the requirements of this section, at least for an extended period." (Tr. 23). With regard to Listing 11.03 the record does not support that Plaintiff's seizures and headaches occurred with a frequency of more than once a week, which resulted in alteration of awareness or loss of consciousness.

The ALJ's finding that Plaintiff's impairments did not medically equal the Listings is also supported by the findings of Drs. Taggart and Witbeck, who found that Plaintiff only had postural and environmental limitations due to her seizures and headaches. (Tr. 269-82). The Court is not persuaded by Plaintiff's position that the ALJ improperly failed to obtain the testimony of a medical expert to evaluate whether Plaintiff's condition equaled the Listings.[2]

---

[2] The ALJ was required to obtain updated medical opinion(s) only if she thought that the additional evidence, submitted after the reviews by Drs. Taggart and Witbeck, would have changed their opinions. *See* SSR 96-6p, 1996 WL 374180, at *4. As the Commissioner notes, because the ALJ adopted their assessments of Plaintiff's residual functional capacity, she did not conclude that the additional evidence would have been material to the opinions of Drs. Taggart and Witbeck. *See* Tr. at 27 ("[a]lthough the State agency physicians did not examine [Plaintiff], they provided specific reasons for their opinions about [her] residual functional capacity showing that the opinions were grounded in the evidence in the case"). Plaintiff's further argument to the contrary is rejected.

**B.    Residual Functional Capacity Assessment**

### 1. consideration of migraine headaches etc.

Plaintiff's next contention, that the ALJ failed to properly consider her migraine headaches and her muscle bulk and contour atrophy in assessing her residual functional capacity, is also rejected.  Plaintiff asserts that there is a "lack of explanation for an apparent failure to attribute any limitation of function on account of Ms. Oliver's migraine headaches", Mem. Supp. p. 12, and that the ALJ fails to mention or accept or reject medical findings that she suffers from muscle bulk and contour atrophy.  *Id*. at. 14.

At step four, the ALJ must consider whether the claimant's "impairment or combination of impairments prevents [her] from performing [her] past work." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)(internal quotation marks and citation omitted).  In assessing  Plaintiff's residual functional capacity the ALJ stated that she considered the entire record including "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence...". (Tr. 24).  The lower court is generally taken at its word when it states that it has considered a matter.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)("our general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter").

In any event, here the ALJ states that she considered the evidence of record and all symptoms consistent with the objective medical evidence, including Plaintiff's migraine headaches, in finding that Plaintiff had the residual functional capacity to perform work activity at all levels with certain limitations. Included in that evidence were the opinions of Drs. Taggart and Witbeck, who found that Plaintiff only had postural and environmental limitations due to her seizures and headaches.

As to medical findings that Plaintiff suffers from muscle atrophy, impaired gait, and depression/anxiety which Plaintiff complains that the ALJ "neither mentions ... nor accepts or rejects", (Mem. Supp. P. 14), the Commissioner correctly notes that Plaintiff did not allege limitations due to these findings.

At step two of the sequential evaluation, Plaintiff must show that she suffers from an "impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520©, 416.920©; *see also Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). Although step two requires only "de minimis" proof of an impairment, Plaintiff "must show more than the mere presence of a condition or aliment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). "Thus, when Congress codified the severity requirement in the regulation, it

noted that a claimed 'physical or mental impairment must be of a nature and degree of severity sufficient to justify its consideration as the cause of failure to obtain any substantial gainful work.'"  *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003)(citation omitted).  Findings of atrophy etc., were never alleged by Plaintiff as limitations, nor did Dr. Vincent state that her findings resulted in any limitation.  The Court agrees with the Commissioner that even though Plaintiff's medical records mention these findings, plaintiff failed to demonstrate that they substantially limited her ability to engage in basic work activities.

Moreover, the ALJ found that Plaintiff's statements concerning the intensity, duration and limiting effects of her symptoms were not entirely credible.  (T. 25).  "'Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(quoting *Diaz v. Secretary of Health & Human Servs*., 898 F.2d 774, 777 (10th Cir. 1990)).  The ALJ was not required to set forth "a formalistic factor-by-factor recitation of the evidence" she relied on in evaluating Plaintiff's credibility.  *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).  "So long as the ALJ sets forth the specific evidence he relies on in evaluating the

claimant's credibility", the credibility determination is adequate. *Id*. If the ALJ disbelieved claimant's allegations, she must explain what evidence led her to conclude the claimant's allegations were not credible. *Kepler v. Chater*, 68 F. 3d. 387, 391 (10th Cir. 1995). It appears to this Court that the ALJ did exactly that (Tr. 24-27), and the Court finds nothing amounting to legal error. The record reflects that the ALJ also considered that Plaintiff was not always compliant with her treatment. (Tr. 26). *See Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (the frequency of medical contacts may be considered in evaluating credibility).

### 2. ALJ's hypothetical question

Finally, the Court also rejects Plaintiff contention, that the ALJ in her hypothetical question to the vocational expert failed to properly include limitations due to migraine headaches or for findings of atrophy of her right extremities, impaired tandem gait, depression and complaints of loss of attention and concentration and, thus, could not rely on the vocational expert's testimony.

After stating that she had considered the entire record, the ALJ found that Plaintiff retained the residual functional capacity "to perform work activity at all levels with the following limitations. She can not climb ladders, ropes or scaffolds. She

cannot drive. She must generally avoid, but is not precluded from, contact with the public." (Tr. 24). Given those limitations the ALJ asked, and the vocational expert responded, that Plaintiff could perform her past work as a housekeeper, as well as other jobs available in significant numbers in the national economy.

As noted, findings of atrophy etc., were never alleged by Plaintiff as limitations, nor did Dr. Vincent state that her findings resulted in any limitation. The findings of Drs. Taggart and Witbeck, the only physicians of record to assess Plaintiff's functional limitations, supported the limitations contained in the hypothetical question. *See Bean* v. Chater, 77 F.3d 1210, 1214 (10th Cir. 1995)("ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record"). The Court concludes, therefore, that the ALJ appropriately relied on this evidence to conclude that Plaintiff could perform her past relevant work as a housekeeper.

## IV. CONCLUSION

Because, the record contains substantial evidence from which the Commissioner reasonably could conclude that Plaintiff was not disabled within the meaning of the Social Security Act, the

decision of the Commissioner as to the Plaintiff Hiedee S. Oliver is affirmed.

DATED this 29th day of February, 2008.

BY THE COURT:

*[signature: David Sam]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT